ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Darlene Sansone Ransome, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
During all times pertinent to these proceedings, respondent was the sole owner and president of ALDAR Investments, Inc. (“Aldar”), a company involved as *99 plaintiff in an antitrust suit against Jefferson Downs Corporation in the United States District Court for the Middle District of Louisiana.[1] Aldar retained a Washington, D.C. law firm, Foley & Lardner, L.L.P. (“Foley”), as co-counsel in the suit. As collateral for Aldar’s past due and future legal fees, respondent proposed to give Foley a second mortgage, in the form of a collateral mortgage, on a tract of immovable property owned by Aldar in Livingston Parish. Foley agreed to respondent’s proposal, and in October 2002, the parties entered into a fee agreement. Among other provisions, the agreement specified that a collateral mortgage evidenced by a collateral mortgage note would secure Aldar’s promissory note to Foley in the amount of $534,329.48.
| ¡.Aldar executed the collateral mortgage documents in November 2002. In December 2002, Aldar agreed to settle the antitrust case for $550,000. The day after the parties agreed to the settlement, respondent recorded the collateral mortgage with the clerk of court in Livingston Parish. However, respondent retained possession of the original promissory and collateral mortgage notes, and thus Foley did not have a perfected security interest in Al-dar’s property.[2]
In the months following the settlement, respondent and Foley could not agree on the distribution of the settlement proceeds. Without the knowledge or approval of Foley, respondent instructed her paralegal to have the collateral mortgage note can-celled by the clerk of court. When the clerk indicated the note would have to be marked “paid” before it could be cancelled, respondent instructed her paralegal to so mark the note. The mortgage was then cancelled by the clerk in May 2003. The day after the mortgage was cancelled, Al-dar agreed to the settlement terms in the antitrust litigation, knowing Foley no longer had any interest, especially not a perfected security interest, in Aldar’s property.
One week later, two new collateral mortgages were recorded affecting the same property securing Foley’s indebtedness. The day after these mortgages were recorded, Foley learned for the first time that J. Marvin Montgomery, another attorney who served as co-counsel for Aldar, had recorded a 20% contingency fee contract with Aldar dated nearly eighteen months earlier. Respondent had never informed Foley about the contract between Aldar and Mr. Montgomery. Thereafter, Foley withdrew from representing Aldar and filed suit against respondent, her law firm, and Aldar in federal court, contending that they ^defrauded Foley and deprived Foley of the collateral mortgage that Aldar had promised to give Foley as security for the payment of attorney’s fees.[3]
Following a bench trial, United States District Judge James J. Brady determined that respondent committed civil fraud by failing to deliver the collateral mortgage *100 note to Foley and then cancelling the collateral mortgage at the clerk’s office and instructing her assistant to mark the note as paid. Foley & Lardner, L.L.P. v. Aldar Invs., Inc., 491 F.Supp.2d 595 (M.D.La.2007). Judge Brady awarded damages to Foley in the amount of $847,621.96, and in May 2007, he filed a complaint against respondent with the ODC.
DISCIPLINARY PROCEEDINGS
In November 2010, the ODC filed formal charges against respondent, alleging that her conduct, as set forth above, violated Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.[4] Respondent, through counsel, answered the formal charges and admitted to the basic factual allegations but denied any misconduct. The matter then proceeded to a formal hearing on the merits, conducted by the hearing committee in February 2011.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee made factual findings consistent with the underlying facts set forth above. The committee also noted that respondent has years of experience in real estate transactions, having served as the president of a title insurance company 14prior to her admission to the bar in 1992. Based on these facts, the committee determined that respondent violated Rule 8.4(c) of the Rules of Professional Conduct, as charged in the formal charges, as well as Rule 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer). In making this determination, the committee recognized that based upon her real estate experience, respondent knew that cancelling the collateral mortgage note would effectively dispose of the collateral mortgage held by Foley in favor of the later-filed lien holders.
The committee determined respondent intentionally violated duties owed to the public, the legal system, and the legal profession. Respondent requested the cancellation of a mortgage note that she knew had not been paid in an effort to benefit her negotiations with Foley over the fee agreement. In doing so, respondent directly impacted the integrity of public records in Louisiana. She acted for her own personal benefit, using her position as an attorney to commit a fraud during her personal business dealings. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the applicable baseline sanction is suspension.
In aggravation, the committee found that (1) respondent knowingly engaged in obvious and intentional acts to deny Foley’s right to a collateral mortgage on Al-dar’s property, and (2) she failed to acknowledge or take responsibility for her actions which led to the judgment of civil fraud. According to the committee, respondent continues to believe her behavior is somehow justified, noting that she was unable to show any remorse for her behavior due to her own perceptions of being a victim in relation to her fee agreement with Foley. In mitigation, the committee found the following factors: absence of a prior disciplinary record and character or reputation.
|fiUnder these circumstances, the committee recommended that respondent be suspended from the practice of law for *101 eighteen months, with all but six months deferred. The committee also strongly recommended that prior to the filing of any petition for reinstatement, respondent be required to take an additional six hours of ethics and six hours of professionalism for the next two years.
Respondent filed an objection to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

Upon review, the disciplinary board adopted the hearing committee’s factual findings and legal conclusions; however, the board disagreed that respondent’s dishonest conduct amounted to the commission of a criminal act and thus declined to find a violation of Rule 8.4(b). The board determined respondent knowingly violated duties owed to the public, the legal system, and the legal profession. The public and the legal profession were harmed by respondent’s failure to be forthcoming with pertinent information which directly affected Foley’s negotiating position. The legal system was harmed by respondent’s dishonest actions directed at attempting to gain an unfair negotiating advantage over Foley. By unilaterally cancelling the collateral mortgage without Foley’s knowledge, and then recording two new mortgages in favor of a third party, respondent potentially jeopardized Foley’s ability to recover the fees owed to them. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the applicable baseline sanction is suspension.
The board found the following aggravating factors are present: a dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law (admitted 1992). The board found the following mitigating factors are present: absence of a prior disciplinary record, a ^cooperative attitude toward the proceedings, character or reputation, and imposition of other penalties or sanctions.
After further considering this court’s prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for twelve months, with all but ninety days deferred, followed by one year of probation with the condition that she not engage in any additional misconduct during that time period. Finally, the board recommended respondent be assessed with all costs and expenses of these disciplinary proceedings.
Although neither respondent nor the ODC filed an objection to the board’s recommendation, on October 23, 2012, we ordered briefing addressing the issue of an appropriate sanction. Both respondent and the ODC filed briefs in response to the court’s order.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In this matter, the record supports a finding that respondent deprived the Foley law firm of a collateral mortgage that she had promised to give Foley as security for the payment of attorney’s fees. Specifically, respondent failed to deliver the collateral mortgage note to Foley and then falsely marked the note as paid and obtained the cancellation of the mortgage, all in an effort to gain an advantage in her negotiations with Foley over the settlement terms in the underlying litigation. *102 Based on these findings, respondent has violated the Rules of Professional Conduct as found by the disciplinary board.
17Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
Respondent argues that because she maintained possession of the original collateral mortgage note, no perfected security interest was ever created in favor of Foley, and thus, she could not have acted dishonestly by marking the note paid and cancelling the mortgage. Without question, Foley did not have a perfected security interest in the immovable property owned by Aldar. However, the undisputed reason why Foley did not obtain that interest directly resulted from respondent’s failure to deliver the collateral mortgage note. Respondent readily admitted that she knew she was obliged to deliver the note in order to perfect the security interest. Moreover, it was respondent who suggested the use of the collateral mortgage as a means to secure Aldar’s fee obligation to Foley. Under these facts, we agree with the hearing committee’s determination that it appears respondent used her position as an attorney with extensive real estate experience to obtain an unjust advantage for her own personal benefit. In doing so, she intentionally violated a duty owed to the public, the legal system, and the legal profession, causing harm to Foley. The baseline sanction for this misconduct is suspension.
We find the following aggravating factors are present in this matter: a dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law. In mitigation, we recognize that respondent has no prior record of discipline in her twenty-year legal career. She has also displayed a cooperative attitude toward these proceedings and has an excellent reputation in the community in which she practices law. Finally, | ^respondent has suffered the imposition of other penalties or sanctions in the civil case brought by Foley.
In prior cases involving dishonest and deceitful conduct in violation of Rule 8.4(c), we have imposed suspensions in the range of eighteen months.[5] Although a similar sanction is appropriate here, we find the mitigating factors present warrant the deferral of a substantial period of this suspension.
Based on this reasoning, we will suspend respondent from the practice of law for eighteen months, with all but six months deferred, as recommended by the hearing committee. Following the active portion of her suspension, respondent shall be placed on supervised probation for a period of two years. As a condition of probation, respondent is ordered to attend and successfully complete the Ethics School program sponsored by the Louisiana State *103 Bar Association. We caution respondent that any violation of the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that Darlene Sansone Ran-some, Louisiana Bar Roll number 21983, be and she hereby is suspended from the practice of law for a period of eighteen months. It is further ordered that all but six months of the suspension shall be deferred. Following the active portion of the suspension, respondent shall be placed on supervised probation for two years. As a condition of probation, [ ^respondent is ordered to attend and successfully complete the Louisiana State Bar Association’s Ethics School. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. The original plaintiff in the suit was Livingston Downs Racing Association. Aldar is the successor entity, via a name change, of Livingston Downs. The suit arose from events that occurred during Aldar’s attempt to develop a horse racing facility on its land in Livingston Parish. Respondent participated as co-counsel in the litigation.

. Under Louisiana law, a pledge of a collateral mortgage note is not properly perfected unless the note is physically delivered to the secured creditor. See La. Civ.Code arts. 3158 and 3162.

.Aldar was placed in involuntary bankruptcy in 2004. Foley made a claim in the bankruptcy for legal fees of approximately $1.2 million, but ultimately received only about half of this amount.

. In the formal charges, the ODC mistakenly alleged a violation of Rule 8.4(g) (threatening to present criminal or disciplinary charges solely to obtain an advantage in a civil matter). The ODC corrected the typographical error in subsequent filings.

. The parties have cited as instructive our prior decision in In re: Bordelon, 04-0759 (La.1/7/05), 894 So.2d 315. However, we do not agree that Bordelon involves misconduct similar to that at issue here, as in Bordelon, the only misconduct the respondent was found to have committed involved his false statements to the ODC concerning payment of a promissory note, in violation of Rule 8.1(a) of the Rules of Professional Conduct. Respondent herein is not charged with making false statements to the ODC, nor is there any indication she has done so.